**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS DURAN,<br><br>    Defendant. | Case No.  03-cr-20115-JF-2<br><br>**ORDER RE DEFENDANT'S MOTION FOR CONFIRMATION OF TIME SERVED AND NON-LIABILITY OF DISCHARGED CASE; AND MOTION FOR STATUS AND DISPOSITION OF CASE**<br><br>[Re:  ECF 74, 75] |

On August 3, 2015, Defendant, proceeding *pro se*, filed a "Petition for Concurrent Term of Undischarged Conviction, Pursuant to 18 U.S.C. § 3584, in the Interest of Justice and Judicial Economy." *See* Petition, ECF 72.  In the petition, Defendant requested that he be permitted to serve an 84 month "undischarged" term of imprisonment imposed in this case concurrently with a 135 month term of imprisonment imposed pursuant to a later conviction in the Eastern District of California. *See id.*  This Court denied the petition in a written order explaining that the statute under which Defendant sought relief, 18 U.S.C. § 3584, provides that when a term of imprisonment is imposed on a defendant who *already* is subject to an undischarged term of imprisonment, the court imposing the later term may order that the terms run concurrently. *See* Order Denying Petition for Concurrent Term of Undischarged Conviction Pursuant to 18 U.S.C. § 3584 at 2, ECF 73.  This Court explained further that Defendant's request for concurrent sentencing should have been directed to the Eastern District, which imposed the *later* term, and that this Court had not discovered any legal authority indicating that Defendant's request to have the two terms run concurrently may be presented to this Court, which imposed the *earlier* term. *Id.*

In addition to denying Defendant's petition on the above legal basis, this Court's order corrected two factual discrepancies in Defendant's petition, noting that although Defendant stated that the term of imprisonment imposed in this case was 84 months, it actually was 87 months, and that although Defendant stated that he was serving a 135 month term of imprisonment imposed by the Eastern District, the docket in the Eastern District case reflected that the term had been reduced from 135 months to 120 months. *See* Order Denying Petition for Concurrent Term of Undischarged Conviction Pursuant to 18 U.S.C. § 3584 at 1. This Court's order also observed that it was unclear why the 87 month term imposed in this case was "undischarged," as represented by Defendant, given the lapse of time (more than 10 years) between the entry of judgment in this case and the filing of Defendant's petition. *Id.*

Defendant apparently misunderstood this Court's comment regarding the lapse of time since the entry of judgment, and specifically this Court's observation that "more than 87 months have elapsed since issuance of the Judgment and Commitment," *see id.*, as an order that the 87 month term of imprisonment imposed in this case has been *discharged.* Defendant has filed a "Motion for Confirmation of Time Served and Non-Liability of Discharged Case," seeking confirmation that the term of imprisonment imposed in this case has been served, and a "Motion for Status and Disposition of Case," requesting "an official Court's document" that he can show to the Federal Bureau of Prisons to prove that "the time of said case has expired." Motion for Confirmation of Time Served and Non-Liability of Discharged Case, ECF 74; Motion for Status and Disposition of Case, ECF 75.

This Court's comment in its prior order regarding the lapse of time since the entry of the judgment in this case was NOT a determination that the 87 month term of imprisonment imposed in this case has been discharged. This Court does not have authority to make such a determination. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.")).

Accordingly, Defendant's motions, which seek a judicial confirmation that the term of imprisonment imposed in this case has been discharged, are DENIED.

**IT IS SO ORDERED.**

Dated:  August 19, 2016

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

3